IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

       vs.                                                1:17-cr-2955 WJ-2

ROBERT REAL,
LINDA REAL, and
CRYSTAL JOHNSON,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE
## TO EXCLUDE EVIDENCE OF NON-CRIME

THIS MATTER comes before the Court upon the Government's Motion *in Limine* to Exclude Trial Evidence of Non-crime, filed January 31, 2018 **(Doc. 38)**. Having reviewed the parties' briefs and applicable law, the Court finds that the Government's motion is well-taken in part and, therefore, is **GRANTED IN PART** and **DENIED IN PART.**

### BACKGROUND

Defendant Robert Real is a licensed firearms dealer and runs Shooter's Outpost in Espanola, New Mexico. Defendant Linda Real[1], Mr. Real's wife, is an employee at Shooter's Outpost. She is accused of conspiracy alongside Mr. Real and their daughter, Crystal Johnson, of selling firearms to felons or prohibited possessors, falsifying firearm transfer records, and other overt acts. Defendant is accused of: selling firearms to felons, in violation of 18 U.S.C. §

---

[1] All three Defendants filed a joint response in opposition to the Motion. Because the indictment against Ms. Johnson has been dismissed, and Mr. Real has entered a guilty plea, the Court assumes that Defendant Linda Real is the only remaining Defendant opposing the motion.

922(b)(2); selling firearms to prohibited possessors, in violation of 18 U.S.C. § 922(b)(1); and falsifying firearm transfer records, in violation of 18 U.S.C. § 922(m).

The Government seeks to bar introduction by the Defendant of evidence of prior compliance with the law. Defendant's *unopposed* discovery motion, which was granted, sought the following:

> 1. All ATF audits and compliance regulations assurance at all times when Robert Real possessed a Federal Firearms License (FFL);
> 2. All submitted Form 4473 applications, along with the ATF response submitted by Robert Real as required pursuant to his FFL;
> 3. All ATF records pertaining to declined Form 4473 applications to transfer/sell a firearm that were directed to Robert Real after a Form 4473 was submitted but denied and/or delayed.

**Doc. 37.**

The Government now seeks to suppress the above discovery at trial, to the extent it includes evidence of legal firearm transactions offered for the purpose of disproving criminal intent. **Doc. 38, p.2.**

In her response, Defendant sought this information to "establish that any mistaken firearm transfers were done by accident without criminal intent and represent the statistical anomaly well within ATF acceptable statistical deviations." **Doc. 38.** The Government did not file a reply brief.

## DISCUSSION

**I.    Prior Lawful Acts.**

The Government moves to exclude admission of specific instances of Defendant's prior lawful firearm sales as irrelevant under Fed. R. Evid. 401, as misleading or confusing under Fed. R. Evid. 403, and as inadmissible prior acts under Fed. R. Evid. 404(b). Defendant argues that such evidence is relevant to showing that the illegal firearm sales were a mistake, and a "statistical anomaly" common in sales by gun stores.

Fed. R. Evid. 404(b) is typically used by prosecutors seeking to rely on a criminal defendant's prior bad acts as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" in the crime charged.  However, such evidence introduced for defensive purposes, or 'reverse 404(b) evidence,' "is admissible… if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him." *United States v. Montelongo*, 420 F.3d 1169, 1174 (10th Cir. 2005).  Where the Defendant seeks to introduce "reverse 404(b) evidence," the Tenth Circuit applies a lower standard because prejudice to the defendant is not a factor.  *Id.*  Thus, the Court applies a "straightforward balancing of the evidence's probative value against considerations such as undue waste of time and confusion of the issues." *Id.* at 1174–75 (finding that relevance was not outweighed by risk of confusing jury or potential waste of time).

## II.     Evidence of Prior Lawful Transactions is Generally not Relevant.

Generally, evidence of prior lawful acts by the Defendant is not relevant to show that she did not commit other specific unlawful acts. *United States v. Daulton*, 266 F. App'x 381, 386 (6th Cir. 2008) (affirming trial court's exclusion of specific instances of preparation non-fraudulent tax returns in case where defendant was charged with specific instances preparing fraudulent tax returns); *United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions."); *see also United States v. Dobbs,* 506 F.2d 445, 447 (5th Cir. 1975) ("evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant"); *United States v. Dimora*, 843 F. Supp. 2d 799, 839 (N.D. Ohio 2012) (evidence that on some occasions did not take bribes did not negate allegations that he took bribes on occasions charged in indictment).  Evidence of noncriminal activities "would only be relevant if the

indictment charged the defendants with ceaseless criminal conduct." *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990); *United States v. Estephane*, 2017 WL 4927676, at *4 (W.D. Ky. Oct. 31, 2017), *citing Daulton*, 266 Fed.Appx. at 386.

However, "as is true with bad act evidence, evidence of good acts is also admissible for a proper purpose such as motive, intent, absence of mistake, etc." *United States v. Hayes,* 219 Fed. Appx. 114, 116 (3d Cir. 2007) (unpublished), *quoted in United States v. Ali*, 870 F. Supp. 2d 10, 23 (D.D.C. 2012).  For the most part, courts have excluded prior lawful transactions as not relevant to the intent requirement for the charged unlawful transactions.  *United States v. Daulton*, 266 F. App'x 381, 386 (6th Cir. 2008), *citing United States v. Dobbs,* 506 F.2d 445, 447 (5th Cir.1975); *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (evidence of good conduct not admissible to negate criminal intent).

Although evidence of intent to comply with the law may tend to negate involvement in a conspiracy, such evidence generally does not include specific prior instances of lawful conduct. *See United States v. Hayes*, 219 Fed. Appx. 114, 2007 WL 708984, at *1 (3d Cir. 2007) ("Rather, it was offered to show that his actions were inconsistent with conspiring to fabricate test results. The evidence, if accepted by the jury, could well have raised a reasonable doubt about whether Hayes was part of the charged conspiracy."); *United States v. Daulton*, 266 F. App'x 381, 386–87 (6th Cir. 2008) (close question whether reverse 404(b) evidence of good acts admissible in a conspiracy case).  Here, evidence of other specific instances of lawful sales is unlikely to show lack of intent to commit the charged crimes.  Defendant, after all, operated a store, and not every customer is likely to be a felon or under 21 years of age.

Therefore, the Court concludes that introducing transaction records of hundreds of prior specific instances of lawful firearm sales would be irrelevant.  That Defendant also sold firearms

lawfully would not tend to negate the intent requirement for specific instances of sales to felons. Defendant operated a store, so it is assumed that some customers would be lawful buyers.

Therefore, the Court concludes that Defendant may not introduce records of specific lawful transactions. Defendant argues that a few pages from the Firearms Inspection Reports can establish that the charged violations were mere mistakes. *See* **Exhibit 1, 2.** The Government did not object. Although specific instances of lawfulness are irrelevant to the intent inquiry, other types of reverse 404(b) evidence may be relevant, such as evidence that Shooter's Outpost's rate of sales to prohibited users is within the normal error range for other shops. *United States v. Dimora*, 843 F. Supp. 2d 799, 839 (N.D. Ohio 2012) (although specific instances of lawfulness irrelevant, other types of evidence, such as policies or training promoted by Defendant that were contrary to goals of conspiracy would tend to negate his involvement), *citing United States v. Hayes,* 219 Fed.Appx. 114, 115–16 (3d Cir. 2007). The Court concludes that these reports are relevant and pass the Fed. R. Evid. 404(b) test and Fed. R. Evid. 403 balancing test.[2]

Defendant argues that Tenth Circuit cases liberally allow evidence of "good acts" in to negate specific intent. *See, e.g., United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992) ("Because the willfullness element of § 7201 requires the specific intent to evade taxes, a defendant in a tax evasion prosecution "is entitled to wide latitude in the introduction of evidence which tends to show lack of specific intent."), *quoting United States v. Brown*, 411 F.2d 1134, 1138 (10th Cir. 1969). However, none of these cases involve the admissibility of specific prior lawful acts under Fed. R. Evid. 404(b). Moreover, specific intent is not at issue in this case. The word "knowing" in federal firearm laws does not impose a specific intent requirement. *United*

---

[2] The Government did not object on any other ground to the admission of this report. The Court does not rule herein on the report's admissibility under any other rule of evidence.

*States v. Currier*, 621 F.2d 7, 9–10 (1st Cir. 1980); *United States v. Udofot*, 711 F.2d 831, 836 (8th Cir. 1983).

## III. Probative Value of Voluminous Transaction Records Outweighed by Danger of Confusion to Jury.

The Court's inquiry may end with its conclusion that Defendant's prior uncharged work is not relevant or admissible as "reverse" Rule 404(b) evidence. However, the Court would not allow voluminous evidence at trial even if it were found to be admissible under Rule 404(b) because it fails the balancing test under Rule 403.

Introducing voluminous records of specific instances of lawful transactions is likely to mislead or confuse the jury. These firearm sales are not at issue in this case, and danger of confusing or misleading the jury outweighs any probative value. As explained above, the Firearm Inspection Report does not pose the same problems.

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion *in Limine* to Exclude Trial Evidence of Non-crime, filed January 31, 2018 **(Doc. 38)** is hereby **GRANTED IN PART** and **DENIED IN PART** for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE